```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

ROBERT DIBENEDETTO             :
                               :
                               :
V.                             :    CIV. NO. 3:09CV1964 (JCH)
                               :
MICHAEL J. ASTRUE,             :
COMMISSIONER SOCIAL SECURITY   :
ADMINISTRATION                 :
```

RECOMMENDED RULING ON MOTION FOR ENTRY OF JUDGMENT

Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), and in light of the Government's request to remand this action for further administrative proceedings, it is ordered that this matter be remanded to the Appeals Council.  Upon remand, the Appeals Council will assign this case to an Administrative Law Judge ("ALJ"), and instruct the ALJ to further address and clarify the claimant's residual functional capacity ("RFC"), with particular attention to the specific degree of restriction due to dust and other environmental factors.  The ALJ will determine the professional qualifications of Mr. Koplinski and also the extent of the treatment relationship between the claimant and Ms. Grisgraber. In doing so, the ALJ will evaluate treating, examining and non-treating source opinions pursuant to the provisions of 20 CFR §404.1527, §416.927, SSR 96-2p and SSR 96-5p

and explain the weight given such opinion evidence and, as appropriate, the ALJ may request the treating and/or examining sources to provide additional evidence and/or clarification of the opinions and medical source statements about what the claimant can do despite the impairments.  If necessary, the ALJ will obtain evidence from a medical expert to clarify the nature and severity of the claimant's chronic obstructive pulmonary disease/emphysema, depression, anxiety disorder and substance use disorder in remission.  Once the RFC is established, the ALJ will seek vocational expert testimony to address and clarify the issue of transferable skills, identify examples of appropriate jobs, state the incidence of each job, and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupation in accordance with SSR 00-04p.

Plaintiff consents to remand.

Therefore, the Court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. §405(g) with a remand of the case to the Commissioner for further proceedings.  See Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S. 89 (1991).  Defendant's Motion for Entry of Judgment **[Doc. #20]** is **GRANTED**  on consent, pursuant to sentence four of 205(g) of the Social Security Act, 42 U.S.C. §405(g).

The clerk of the court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at Bridgeport this 28th day of May 2010.

```
     /s/
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```